UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN P., et al.,

    Plaintiffs,

v.

TERMAN APARTMENTS, et al.,

    Defendants.

Case No. 12-cv-00256-JST

**ORDER DISMISSING CASE WITH PREJUDICE**

Re: ECF Nos. 104, 108

The Court previously dismissed all claims in this action for housing discrimination and related claims. Plaintiffs have failed to file an amended complaint. Because Plaintiffs have not justified their failure to prosecute this action, the action is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Karen P., Abdirahman Guleed, and R.P., all of whom are appearing pro se, are former tenants of Terman Apartments, a housing complex run by Defendants Terman and Goldrich. Compl. ¶¶ 4, 6, ECF No. 10. This action arises out of Plaintiffs' eviction from Terman Apartments.

Plaintiffs brought seven claims against Defendants Terman, Goldrich, and the United States Department of Housing and Urban Development: (1) housing discrimination in violation of the Fair Housing Amendments Act ("FHAA"); (2) violations of the Servicemembers Civil Relief Act ("SCRA"); (3) "assault and battery on a minor;" (4) defamation; (5) negligence; (6) "long time exposure to mold and sevier [sic] gas leak;" and (7) intentional infliction of emotional distress. ECF No. 10.

On May 17, 2013, the Court granted three motions to dismiss brought by Defendants. ECF No. 103. The Court dismissed with prejudice Plaintiffs' SCRA claim on the ground that the claim

1    is barred by res judicata because it was previously litigated in an unlawful detainer action in state
2    court. Id. at 7-8. The Court also dismissed without prejudice the rest of the claims in the
3    complaint under Rule 12(b)(6) and granted Plaintiffs leave to file an amended complaint no later
4    than June 17, 2013. Id. at 15. In that order, the Court encouraged Plaintiffs to seek the assistance
5    of the Legal Help Center in amending their complaint. Id.

6    Plaintiffs failed to file an amended complaint by July 17, 2013.

7    On July 1, 2013, the Court issued an order to show cause why this action should not be
8    dismissed for failure to prosecute. ECF No. 104. In that order, the Court required Plaintiffs to file
9    by July 31, 2013, either a statement explaining why the action should not be dismissed for failure
10   to prosecute or an amended complaint. Id.

11   Plaintiffs did not file an amended complaint by that date. Instead, they filed a statement in
12   which they appear to (1) object to the reassignment of this action from San Jose to San Francisco
13   on the ground that such reassignment was done "without notice or hearing"; (2) object to the
14   Court's resolution of Defendants' motion to dismiss without oral argument; and (3) object to the
15   Court's dismissal of their SCRA claim on the ground that the dismissal "was in error." ECF No.
16   108. Plaintiffs request further leave to amend the complaint on the ground that they "can prove
17   the facts in support of the claim which would entitle Plaintiffs' relief." Id. at 4. Plaintiffs,
18   however, neither explain why they have been unable to file an amended complaint thus far nor
19   demonstrate that they would be able to allege sufficient facts with respect to the claims that the
20   Court dismissed without prejudice on May 17, 2013.

## II.  LEGAL STANDARD

"A district court may sua sponte dismiss an action for failure to prosecute." McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). A district court "is required to weigh several factors in determining whether to dismiss a case for lack of prosecution. These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. There must also be a showing of unreasonable delay. The district court is not required to make explicit findings on the essential

1 factors." Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996) (internal citations and

2 quotation marks omitted). Dismissal is appropriate "where at least four factors support dismissal .

3 . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138

4 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

## III. DISCUSSION

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action for failure to prosecute.

### A. Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980).

Here, Plaintiffs' delay in filing an amended complaint has completely stalled this action, thereby depriving the Court of the ability to control the pace of the docket. Plaintiffs have not justified this delay. In their response to the Court's order to show cause, Plaintiffs (1) object to the reassignment of this action from San Jose to San Francisco on the ground that such reassignment was done "without notice or hearing"; (2) object to the Court's resolution of Defendants' motion to dismiss without holding a hearing; and (3) object to the Court's dismissal of the SCRA claim on the ground that such a dismissal was "was in error." ECF No. 108. None of these objections have merit.

First, Plaintiffs were aware that this action was reassigned to San Francisco, as they filed a case management statement with this Court fifteen days after the action was reassigned. See ECF No. 78, 94. Second, a district court has the discretion to resolve any motion without oral argument. See Civil L.R. 7-1(b). Plaintiffs were sent notice via mail that this Court vacated the hearing on Defendants' motions to dismiss. See ECF No. 101. Plaintiffs did not subsequently file any objections to the Court's decision to take the motions under submission without oral argument. Third, Plaintiffs' contention that the Court's dismissal of their SCRA claim "was in error" is not well taken because they have provided no support for their assertion.

3

Accordingly, these factors weigh strongly in favor of dismissal.

### B. Prejudice to Defendants

The third factor, the risk of prejudice to the defendant, relates to "the plaintiff's reason for defaulting in failing to timely amend." Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999). "[A]presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998). A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281.

Here, as discussed above, Plaintiffs provide no valid excuse for their delay in filing an amended complaint. Accordingly, this factor also weighs in favor of dismissal.

### C. Public Policy Favoring Disposition of Cases on their Merits

The fourth factor concerns the public policy favoring disposition of cases on their merits, which "strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." Id. at 1228. For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation marks omitted).

Here, Plaintiffs' delay in filing an amended complaint has prevented the case from moving toward disposition on the merits. Thus, this factor is neutral at best.

### D. Less Drastic Sanctions

Finally, the fifth factor pertains to the availability of less drastic sanctions. "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." Id.

4

//

Here, the Court has given Plaintiffs two opportunities to file an amended complaint, has afforded Plaintiffs with additional time to prosecute the action, and has encouraged Plaintiffs to seek the assistance of the Legal Help Center in litigating their claims. Moreover, the Court has warned Plaintiffs twice of the possibility of dismissal. These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. See In re Phenylpropanolamine, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted). Accordingly, given that the Court has exhausted all reasonable alternatives to dismissal, the Court concludes that the dismissal of this action with prejudice is appropriate at this point.

## IV. CONCLUSION

This action is dismissed with prejudice for failure to prosecute. The Clerk shall terminate the case.

**IT IS SO ORDERED**.

Dated: August 5, 2013

_____
JON S. TIGAR
United States District Judge